**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HELEN LANCIA and GARY LANCIA, Her Husband, | |
| Plaintiffs, | NO. 3:07-CV-00540 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in the alternative, Rule 12(b)(6). (Doc. 7.)  Defendants' motion to dismiss based upon Rule 12(b)(1) will be granted.  The Court will dismiss Plaintiffs' claims for failure to meet the requisite statute of limitations pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

On or about January 22, 2004, at approximately 2:00 p.m., Plaintiff Helen Lancia was operating a motor vehicle, traveling east on the 1000 Block of West Lackawanna Avenue, Scranton, Lackawanna County.  (Compl. ¶ 4,5, Doc. 1.)  At that time and place, a United States Postal Worker, operating a U.S. Government Vehicle, pulled out of a parked position on the 1000 Block of West Lackawanna Avenue and struck the side of Plaintiff's vehicle.  (*Id.* ¶ 6.)  Plaintiffs claim injuries based upon negligence and lack of consortium (*Id.* ¶ 8-17.)

The Plaintiffs had earlier filed a lawsuit in the Middle District of Pennsylvania alleging negligence and loss of consortium suffered due to a motor vehicle accident with a U.S. Government Vehicle.  (United States District Court for the Middle District of Pennsylvania (Scranton), Civil Docket for Case #3:05-CV-0124, Doc. 1.)  The lawsuit was filed on January 18, 2005, over a year before the filing of the Lancias' administrative tort claim in October 2006.  (*Id.*)  The Court dismissed this Complaint on July 27, 2006 based upon lack of subject matter jurisdiction.  (*Id.* at Doc. 38.)  Plaintiffs then filed an administrative claim with the United States Postal Service on October 23, 2006.  (January 22, 2004 Letter Opinion of United States Postal Service Re: Claim 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, Doc. 8 Ex. 2.)

On March 21, 2007, Plaintiffs filed a Complaint in the present case.  (Doc. 1.)  On June 19, 2007, the Defendant United States of America filed the present motion to dismiss the complaint.  (Doc. 7.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

The Government has moved for dismissal pursuant to Rule 12(b)(1), or in the alternative Rule 12(b)(6).  (Doc. 7.)  As an affirmative defense, a statute of limitations defense may be raised in a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.  *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  However, since a statute of limitations defense will usually involve factual questions as to when a plaintiff discovered or should have discovered the elements of its cause of action, the defendant will bear a heavy burden in seeking to establish that the

claim is barred by a matter of law.  *Souther Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 171 F.3d 410, 425 (3d Cir. 1999).

The FTCA represents a limited waiver of the sovereign immunity of the United States, which Congress granted subject to the time limitations contained in 28 U.S.C. § 2401(b).  *United State v. Kubrick*, 444 U.S. 111, 117 (1979).  Therefore, since compliance with § 2401(b) is a jurisdictional prerequisite to suit under the FTCA, a defense that the claim is time-barred may also be raised in a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *See Deakyne v. Dep't of the Army Corps of Engineers*, 701 F.2d 271, 274 n. 4 (3d Cir. 1983).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action.  FED. R. CIV. P. 12(b)(1). Unlike dismissal under Rule 12(b)(6), dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks the authority to hear the case.  *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A defendant may challenge the existence of subject matter jurisdiction in two fashions.  *Id.*  Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true."  *Id.*  In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as

3

exhibits to his motion to dismiss. *Hunter v. United States*, 2000 WL 1880257, at *3 (M.D. Pa. Dec. 15, 2000). *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

When the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). If the defendant submits and the court considers evidence that controverts the plaintiff's allegations, the motion must be treated as a factual challenge under Rule 12(b)(1). *Gould*, 220 F.3d at 178. Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. *Mortensen*, 549 F.2d at 891. In a factual challenge, the plaintiff must be permitted to respond to the defendant's evidence with evidence supporting jurisdiction. *Id.* It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs.,* 220 F.3d at 176.

As the Defendants have yet to file an answer, Defendants' motion to dismiss will be treated as a facial attack on subject matter jurisdiction. Accordingly, this Court will consider the allegations contained in the complaint, the official docket of the Lancias' 2005 lawsuit in the Middle District of Pennsylvania, and the letter opinion by the United States Postal Service denying the Lancias' administrative tort claim. The last two of these documents are matters of public record, and thus may properly be considered in a Rule 12(b)(6) motion or a Rule 12(b)(1) facial attack. *See Pension Benefit Guaranty*

4

*Corp.*, 998 F.2d at 1196-97; *Gould*, 220 F.3d at 178 (citing *Pension Benefit Guaranty Corp.*, 998 F.2d at 1196).

## DISCUSSION

The FTCA provides a waiver of the United States' sovereign immunity, and permits suits against the federal government for personal injury or damage to property caused by government employees acting within the scope of their employment.  28 U.S.C. § 1346(b).  The FTCA requires a plaintiff follow certain procedures such that a plaintiff "seeking money damages may not file a tort claim for injury caused by the negligence, wrongful acts, or omission of any Government employee in the scope of his employment against the United States 'unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency.'" *Medina v. City of Philadelphia*, 219 Fed. App'x 169, 172 (3d Cir. 2007) (quoting 28 U.S.C. § 2675(a)).

This requirement, known as "presentment," requires that a plaintiff exhaust all administrative remedies prior to resorting to the courts for relief.  *Id.*  In defining presentment, Congress requires that "a claim shall be deemed to have been presented when a federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident. . . ."  27 C.F.R. § 14.2(a).  As such, a plaintiff may not bring a lawsuit against the United States until the plaintiff has exhausted all available administrative remedies through this process.  28 U.S.C. § 2675(a).

A two year time limitation exists on the presentment of a claim under the FTCA.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . or unless [court] action is begun within six months after . . . notice of final denial of the claim. . . . " 28 U.S.C. § 2401(b).  Such time bars with respect to the filing of claims against the United States must be strictly construed.  *See Dunn v. United States*, 775 F.2d 99 (3d Cir. 1985).

The time limit for presentment begins to run at the time of the injury or when the plaintiff has or should reasonably have discovered the injury and its cause. *Munoz v. Attorney for U.S. Executive Office*, No. 4:03-CV-03-2293, 2006 WL 2446413 (M.D. Pa. Aug. 24, 2006) (quoting *Kronish v. United States*, 150 F.3d 112, 121 (2d Cir. 1998)).

In this case, the Plaintiffs have failed in the requirement of presentment with respect to 28 U.S.C. § 2401(b).  The injury occurred on January 22, 2004.  (Compl. ¶ 4.) Thus, the time limitation to file an administrative notice of claim ran on January 22, 2006. The Plaintiffs failed to file any administrative notification with the Defendant until October 23, 2006, nine (9) months after the claim was time-barred.  (Doc. 8 Ex. 2.)  Plaintiffs argue in their brief that they filed an administrative claim on April 19, 2004.  However, Plaintiffs have failed to allege such a filing in their Complaint, or otherwise demonstrate any evidence of such a filing.  The burden of proof to establish presentment of the claim lies with the plaintiff.  *See Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1195 (3d Cir. 1989).  To satisfy presentment, the plaintiff must show that the appropriate federal agency received the claim, not that they simply sent it.  24 C.F.R. § 17.2. Plaintiffs have offered no proof of receipt of the administrative claim sent on April 19, 2004.

Furthermore, the filing of the initial lawsuit on January 18, 2005, does not suffice as notification pursuant to 28 U.S.C. § 2675(a).  It has been held that one of the two congressional purposes in establishing the presentment requirement is "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Tucker v. United States Postal Servs.*, 676 F.2d 954, 958 (3d Cir. 1982) (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in*, (1966) U.S. Code Cong. & Admin. News, pp. 2515, 2516).  If the initiation of a lawsuit sufficed as notice to the appropriate Federal agency, the incentive to give administrative notice without resort to the courts would be lost.  Plaintiffs could simply file suit to satisfy the notice requirement.  Thus, logic requires that the filing of a lawsuit does not fulfill the requirement of administrative notice.  Therefore, the first instance of notice in this case occurred on October 23, 2006, the date when the United States Postal Service received the administrative claim from the Lancias.

The fact that the Plaintiffs did not comply with 28 U.S.C. § 2401(b) does not end the Court's inquiry, as their error may be excused under the principle of equitable tolling.  The Third Circuit Court of Appeals has held that the FTCA's statute of limitations is not jurisdictional, and that failure to comply with the statute of limitations is an "affirmative defense."  *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001).  Thus, equitable tolling can apply to an FTCA claim.  *Id.*  Federal courts invoke the doctrine of equitable tolling "only sparingly," and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S.

89, 96 (1990).  Equitable tolling is generally permitted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Id.*  The Supreme Court noted that courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."  *Id.* (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

There is a question as to whether the Plaintiffs in this case "actively pursued [their] judicial remedies" by filing the 2005 Complaint within the two year statute of limitations. However, the Third Circuit Court of Appeals has generally held that this occurs when a claimant files in the wrong forum.  *See Oshver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (citing *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981)).

The Third Circuit Court of Appeals has held that "It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice.  As regards the statute of limitations, the original complaint is treated as if it never existed."  *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d, 68, 77 (3d Cir. 1983) (citations omitted).  However, the present case differs from the typical complaint dismissed without prejudice.  The statute of limitations had passed six (6) months prior to the Court's July 27, 2006 Order dismissing the Plaintiffs' Complaint without prejudice.  Essentially, this Court's dismissal without prejudice was a dismissal with prejudice as Plaintiffs could no longer comply with the statute of limitations.

Although the 2005 Complaint would essentially be read as a dismissal with prejudice, the Plaintiffs in this case are not entitled to equitable tolling because they failed in the "due diligence" requirement in preserving their legal rights.   The Third Circuit Court of Appeals has required that to invoke equitable tolling, a plaintiff "must show that it exercised reasonable diligence in investigating and bringing its claims." *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997).  Plaintiffs knew prior to the running of the statute of limitations that the accident was with a U.S. Government employee, as alleged in the 2005 Complaint.  *See, e.g., T.L. ex. rel Ingram v. United States*, 443 F.3d 956, 964 (8th Cir. 2006) (refusing to toll the statute of limitations where the plaintiff was unaware of the tortfeasor's identity as a federal employee when the government or its agents did not hide that identity).  As Plaintiffs knew the identity of the tortfeasor, reasonable diligence would have led Plaintiffs to file a claim with the appropriate Federal agency.  Plaintiffs simply failed to follow the proper procedure for administrative remedies against the United States.  Had Plaintiffs used reasonable diligence, they would have discovered that exhaustion was required. Plaintiffs had the benefit of counsel when their 2005 Complaint was filed, yet they still did not pursue the necessary administrative remedies.

Similarly, there is no evidence presented that the Plaintiffs were induced by trickery as to allowing the statutory deadline to pass.  In fact, Plaintiffs were put on notice of their failure to comply with the notice requirement of 28 U.S.C. § 2675(a) in Defendants' May 1, 2006 motion to dismiss on the basis of subject matter jurisdiction in Plaintiffs' previously filed case, 3:05-CV-0124.  Yet, Plaintiffs did not file an administrative claim with the appropriate Federal agency until October 22, 2006, several months after

the Court issued its July 27, 2006 Order.

The Plaintiffs did not appeal from this Court's July 27, 2006 Order on the basis of the statute of limitations problem.  However, the Plaintiffs did attempt to strike the Court's July 27th Order based upon Rule 60 on June 25, 2007.  However, this motion occurred almost one year after the Order was granted, and after the Plaintiffs had already filed the new Complaint in the instant case.  (United States District Court for the Middle District of Pennsylvania (Scranton), Civil Docket for Case #3:05-CV-0124, Doc. 39.)  This Court denied the motion to strike on August 9, 2007.  (*Id.* Doc. 42.)   Rather, they simply refiled their suit after the statute of limitations had run pursuant to 28 U.S.C. §2401(b).  These facts do not lead the Court to believe equitable tolling is appropriate in this case.

### CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion to dismiss. An appropriate Order follows.

October   4  , 2007                              /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

HELEN LANCIA and GARY LANCIA, Her
Husband,

      Plaintiffs,

         v.

UNITED STATES OF AMERICA,

      Defendant.

NO. 3:07-CV-00540

(JUDGE CAPUTO)

## <u>ORDER</u>

    **NOW**, this __4th__ day of October, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 7) pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** .

_____

/s/ A. Richard Caputo\_\_\_\_\_

A. Richard Caputo
United States District Judge